UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                              CASE NO: 8:16-bk-07351-CPM
                                                                                                    CHAPTER 7
SYLVIA KNIGHT,

    Debtor.
_____/

WILMINGTON TRUST, N.A.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(Re: 3618 Whittier St., Tampa, FL 33619)

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Frederic J. DiSpigna, Esq., at Ward Damon Posner Pheterson & Bleau, PL, 4420 Beacon Circle, West Palm Beach FL 33407 and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

    Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust Series 2015-1 ("Secured Creditor"), by and through its undersigned counsel, files this *Motion for Relief from the Automatic Stay*, and in support thereof states as follows:

    1.    The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001(a) and the various other applicable provisions of the United States Bankruptcy

Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on August 26, 2016.

3. Secured Creditor holds a security interest in the Debtor's real property located at 3618 Whittier Street, Tampa, FL 33619 (the "Property"), by virtue of a Mortgage which is recorded in Official Records Book 18530, at Page 1169, of the Public Records of Hillsborough County, Florida (the "Mortgage"). The Mortgage secures a Note in the amount of $158,512.00 (the "Note"). A copy of the Note, together with the Mortgage and Assignments is attached hereto as **Exhibit A**

4. The Mortgage gives Secured Creditor a first lien on the Property, which is legally described as:

> **LOT 4, BLOCK 17, TOGETHER WITH THE EAST 1/2 OF THE CLOSED ALLEY ABUTTING ON THE WEST SIDE THEREOF, GRANT PARK, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 6, PAGE 30, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

5. The Property has not been claimed exempt by the Debtor. Moreover, according to the *Chapter 7 Individual Debtor's Statement of Intention*, the Debtor is surrendering the Property.

6. WILLIE KNIGHT, the Debtor's former spouse, the Note signer, is indebted to Secured Creditor in the amount of $152,361.61 principal balance, with interest accruing at the rate of $26.61 *per diem*, plus other fees and costs advanced by Secured Creditor pursuant to the loan documents. Payments pursuant to the Mortgage have been in default since December 1, 2010. See *Affidavit in Support of Motion for Relief from the Automatic Stay* attached hereto as **Exhibit B**.

7. According to the Hillsborough County Property Appraiser, the Just Value of the

Property is $89,174.00. See Property Appraiser Valuation attached hereto as **Exhibit C.** Therefore, there is no equity in the Property for the benefit of unsecured creditors of the estate.

8. Secured Creditor's interest in the Property is being significantly jeopardized by the Debtor's failure to make regular mortgage payments while Secured Creditor is prohibited from pursuing its lawful remedies to protect such interest. Thus, the Debtor has failed to adequately protect the interest of Secured Creditor.

9. In addition, because this is a Chapter 7 case, the Property is not necessary to an effective reorganization.

10. Therefore, Secured Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) and/or § 362(d)(2) for the automatic stay to be lifted.

11. Pursuant to 11 U.S.C. § 362(e), Secured Creditor requests that, in the event a hearing is necessary, said hearing be held within thirty (30) days.

12. Secured Creditor has incurred attorneys' fees of $750.00 and costs of $176.00 as a result of the necessity of filing this Motion. Said fees and costs are recoverable as part of the debt pursuant to the loan documents but shall not be a personal liability of the Debtor.

13. Secured Creditor requests that any communication by Secured Creditor in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout, may be sent directly to the Debtor.

14. Because Debtor has indicated an intention to surrender the Property, Secured Creditor requests that the Court waive the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3), so that Secured Creditor can pursue its *in rem* remedies without further delay.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so that Secured Creditor may be permitted to protect its security interest in the Property outside the bankruptcy forum; that in the event a hearing is necessary, said hearing be held within thirty (30) days; that Secured Creditor's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the loan documents under the remedies available therein but shall not be a personal liability of the Debtor; that Secured Creditor be permitted to contact the Debtor for the reasons stated; that the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3) be waived; and such other and further relief as the Court may deem just and proper.

**I HEREBY CERTIFY** that a true copy hereof has been served electronically or via U.S. mail, first-class postage prepaid, to: Sylvia Knight, 3618 Whittier Street, Tampa, FL 33619; Lauren Osa, Esq., Lauren Osa, P.A. PO Box 320668, Tampa, FL 33679; Willie Knight, 1914 White Cedar Way, Brandon, FL 33511; Beth Ann Scharrer, Trustee, PO Box4550, Seminole, FL 33775-4550; and United States Trustee- TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602, this 20th day of October, 2016.

**WARD DAMON POSNER PHETERSON & BLEAU, PL**
Attorney for Secured Creditor
4420 Beacon Circle
West Palm Beach FL 33407
(561) 842-3000
(561) 842-3626 Fax
fdispigna@WardDamon.com

/s/ Frederic J. DiSpigna
_____
FREDERIC J. DISPIGNA, ESQUIRE
Florida Bar No. 345539